THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS E. ACEVEDO GONZÁLEZ, Defendant and Appellant.

No. CR-66-444.        Decided October 16, 1967.

344

*Raúl Torres González* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

PER CURIAM: The defendant was convicted by a jury of three violations of the Narcotics Act which consisted in possessing, transporting, and selling heroin in violation of § 29 of said Act, 24 L.P.R.A. § 974z.

He was also convicted by the court of a misdemeanor consisting of carrying a knife with a three-inch blade, this being a violation of § 4 of the Weapons Law, 25 L.P.R.A. §§ 414 and 454(d).

■ The appellant assigns five errors. In the first error, he claims that the court erred in admitting in evidence the heroin and the knife because they were found by virtue of an illegal search and arrest. The evidence believed by the jury shows that the arrest and search were legal. The defendant was observed by a policeman while the former was acting in a suspicious manner in a street of Río Piedras. Shortly thereafter, another officer came up to the first policeman, and both observed the defendant and another individual, who was Israel Cruz, while they went into a hallway. The policemen followed them and observed the defendant giving a small envelope or deck to Cruz, and the latter handed a bill to the defendant.

Because of this transaction the policemen arrested and searched the defendant and Cruz. They found in possession of the defendant one envelope containing seven decks of heroin, and a knife with a three-inch blade.

In the light of this evidence, it is clear that the arrest and search were legal. Rule 11 of the Rules of Criminal Procedure provides the following:

"A peace officer may arrest a defendant without the corresponding warrant:

(a) When he has reasonable grounds to believe that the person about to be arrested has committed the offense in his presence. In this case the arrest shall be made immediately or within a reasonable time after the commission of the offense. Otherwise, the officer shall request that a warrant of arrest be issued.

(b) When the defendant has committed a felony, although not in the officer's presence.

(c) When he has reasonable cause for believing that the person about to be arrested has committed a felony, regardless of whether or not the said offense was in fact committed.

For a similar case to the one at bar see *People* v. *Cabrera Cepeda*, 92 P.R.R. 68 (1965). It is stated therein that Rule 11: "merely requires that the officer have reasonable

grounds to believe that the person has committed an offense in his presence." It is clear that in the case at bar, the policemen who observed the transaction already described, made under the suspicious circumstances described in the record (T.E. 8–13), had reasonable grounds to believe that the accused had committed an offense in their presence. The facts of this case justified an arrest under subdivision (a) or (c) of the aforesaid Rule 11. In addition to *People* v. *Cabrera Cepeda, supra,* see, on that particular, *People* v. *Morales Soler,* 94 P.R.R. 366 (1967); *People* v. *Marcial Pérez,* judgment of February 20, 1967; *People* v. *Marrero,* judgment of January 27, 1967; *People* v. *Rivera Torres,* judgment of November 7, 1966; *Cepero Rivera* v. *Superior Court,* 93 P.R.R. 241 (1966); *People* v. *Díaz Torres,* 89 P.R.R. 704 (1963).

■■ The second error assigned challenges the sufficiency of the evidence as to the violations of the Narcotics Act. The aforesaid error has no merit. There is enough evidence in the record to support the verdict of the jury. The appellant also argues that § 29 of the Narcotics Act, 24 L.P.R.A. § 974z, does not prohibit the sale of heroin. He is wrong. The aforesaid section, besides prohibiting the possession and transportation (in addition to other activities) of heroin (and other drugs), includes also the prohibition of the transfer of heroin (and other drugs). Transfer includes sale. This matter has already been decided against the appellant. See *People* v. *Maysonet,* judgment of April 7, 1967.

■ The third error alleges that the judge examined the witness, Israel Cruz, in such a way as to discredit his testimony. The intervention of the judge occurred by reason of the following. Cruz had testified that heroin had been seized on him. The judge asked him if he had been accused as a result of the seizure of drugs. Cruz answered in the affirmative. The judge asked him if he had been arraigned, and

Cruz answered no. (T.E. 92–93.) That intervention of the judge does not have the scope appellant wishes to attribute to it, nor does it justify reversal.

■ The fourth error maintains that the judge erred in instructing the jury about the charges of possession and sale of prohibited drugs in such a way as to prejudice greatly the defendant. It is true that in his instructions on the first count, the one which charged possession, on one occasion the judge said sale instead of possession, but it is evident that it was a lapsus linguae. The defense did not object to the instructions, and waived the contention. Rule 137 of Criminal Procedure;[1] *People* v. *Pimentel Camacho,* 89 P.R.R. 132 (1963) ; *People* v. *Negrón,* 79 P.R.R. 279, 286 (1956) ; *People* v. *Lampón,* 78 P.R.R. 102, 110 (1955) ; *People* v. *Beltrán,* 73 P.R.R. 466 (1952). Moreover, that lapsus did not constitute an error sufficient to warrant reversal. The instructions, taken as a whole, were clear and sufficient. The instructions must be read in their entirety to see whether they convey to the jury which hears them a reasonably correct exposition of the applicable law. They should not be and cannot be considered in isolated parts. *People* v. *Barriera González,* 89 P.R.R. 756 (1964).

■ The fifth error attacks the evidence related to the violation of the Weapons Law. The appellant wanted to justify the illegal carrying of the weapon by alleging that he was a sailor and used it to work on the ship, but he himself testified that he was not working on any ship at the time of the offense. The facts do not justify the finding that the carrying of the weapon was "on the occasion of their use as instruments proper of an . . . occupation," as required by the Act, 25 L.P.R.A. § 414.

---

[1] ". . . Neither party may assign as error any portion of the instructions or omission therein unless objection is raised thereto or additional instructions are requested before the jury retires to deliberate, stating clearly the grounds of challenge or of its request."

The errors assigned were not committed. The judgments appealed from will be affirmed.

Mr. Justice Belaval did not participate herein.